IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 3 2007

GREGORY C. LANGHAM
CLERK

Civil Action No.   07-cv-00679-BNB

JAY ALLEN FREY #64030,

   Plaintiff,

v.

CAPTAIN GONZALES,
CASE MANAGEMENT COMPLETE STAFF ARKANSAS VALLEY
   CORRECTIONAL FACILITY,
17TH JUDICIAL DISTRICT COURT,
ADAMS COUNTY JUDGE HARLON R. BOCKMAN,
GOVERNOR BILL RITTER,
COLORADO DEPARTMENT OF CORRECTIONS,
U.S. DEPARTMENT OF JUSTICE,
U.S. ATTORNEY JUDITH SMITH,
ARKANSAS VALLEY CORRECTIONAL FACILITY
MEDICAL DEPARTMENT COMPLETE STAFF
KELLY WASCOE, H.S.A. R.N.,
ARKANSAS VALLEY CORRECTIONAL FACILITY,
MAILROOM SGT. NORA KURTZ,
COLORADO DEPARTMENT OF CORRECTIONS COMPLETE
   MENTAL HEALTH STAFF,
JAMES MICHAUD, and
JOHN DOE AND JANE DOE 1-100,

   Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jay Allen Frey, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado.  He has filed *pro se* a civil rights complaint pursuant to 42 U.S.C.§ 1983 (2006) and 28 U.S.C. § 1343 (1993) for money damages and injunctive relief.

The Court must construe the complaint liberally because Mr. Frey is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order Mr. Frey to file an amended complaint.

The Court has reviewed the complaint and finds that the complaint is deficient. Mr. Frey's complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).

Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Frey's complaint is prolix and confusing. He appears to be asserting claims pursuant to 28 U.S.C. § 2254 (2006) challenging the validity of his conviction and sentence, pursuant to 28 U.S.C. § 2241 (1994) challenging the execution of that conviction and sentence, and pursuant to 42 U.S.C. § 1983 challenging the conditions

of his confinement. Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. **See, e.g., Richards v. Bellmon**, 941 F.2d 1015, 1018 (10th Cir. 1991).

To the extent Mr. Frey is challenging the conditions of his confinement, he may do so in the instant 42 U.S.C. § 1983 action. To the extent he asserts claims challenging the validity of his conviction and sentence, he must do so in a separate habeas corpus action pursuant to 28 U.S.C. § 2254. To the extent he is challenging the execution of his sentence, he may do so in a separate instant habeas corpus action pursuant to 28 U.S.C. § 2241.

Mr. Frey must name each defendant he intends to sue in the caption to the amended complaint, he must allege exactly what each defendant did to violate his constitutional rights, and he must allege which constitutional rights were violated. Personal participation by the named defendants is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Kettering must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Frey may use fictitious names, such as Jane or John Doe, if he does not

know the real names of the individuals who allegedly violated his rights. However, if Mr. Frey uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Mr. Frey file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the amended complaint shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Frey two copies of the Court-approved Prisoner Complaint form for use in submitting the amended complaint. It is

FURTHER ORDERED that the Court will not review the merits of Mr. Frey's claims until he has complied with this order. It is

FURTHER ORDERED that if Mr. Frey fails to comply with this order **within thirty (30) days from the date of this order**, the complaint and the action will be dismissed without prejudice and without further notice.

DATED June 13, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00679-BNB

Jay Allen Frey
Prisoner No. 64030
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _6-13-07_

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk